UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12CV11329-RWZ

*******************************
BRANDON PRINCE,                *
    Plaintiff              *
                           *
    v.                     *
                           *
ROCK TENN SERVICES, INC,       *
    Defendant              *
*******************************

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

This case concerns an employee who was discriminated and retaliated against by his employer because he suffered a worker's compensation injury and whose privacy was knowingly violated by that employer.

Here are the relevant facts to this claim.

**I.     Statement of Facts**[1]

Plaintiff Brandon Prince ("Prince") is a resident of Shirley, Massachusetts.

Defendant Rock Tenn Services, Inc., ("Rock Tenn") is a corporation headquartered in Norcross, Georgia, but with a facility located in Devens, Massachusetts. It is a packaging manufacturer.

---

[1] This Statement of Facts is based upon the admitted portions of the Complaint and the Affidavit of Brandon Prince, which has been submitted to the Court at the same time as this Opposition.

1

Prince was re-hired by Rock Tenn on January 24, 2011, to work the third shift from 11:00 p.m. to 7:00 a.m. as a fulltime assistant machine operator.

On September 27, 2011, Prince was injured on the job at 1:40 a.m. Prince was working on the 450 die cut machine. His job was to load the bundles into the load former. As he was packing the bundles into the load former, the work flow was picking up coming down the conveyor line. Since the machine is not linked to the bundle breaker and the photo eyes on the conveyor, the workload just kept kicking out. The bundles kept on pushing and pushing until they pushed Prince right into the machine, pinning him there until he threw the bundles on the ground to free himself.

Claude St. Germaine, the Rock Tenn supervisor at the time, came running over, yelling and screaming at Prince. He was more worried about the product that was wasted than whether one of his workers was hurt. Prince tried to explain this, but St. Germaine just kept on yelling at Prince. Prince said: "I am going home," which he did.

Early that morning the Rock Tenn Plant Manager called Prince, but he missed the call. So Prince called Steven LeBlanc, Rock Tenn's Human Resources Manager, and described what happened. Later in the day the Plant Superintendent called Prince and asked Prince to come back in for his next shift.

At approximately 10:00 p.m. Prince woke from a two hour nap and could not get out of bed. His lower back was in tremendous pain. So Prince called out, saying: "I am unable to come into work tonight due to an injury I received on the 450 the previous night. Any questions, please call me."

When Prince was called by Rock Tenn, he described the situation, and an appointment was scheduled with the Rock Tenn physician at Nashoba Valley Medical Center located in Ayer,

Massachusetts.

When Prince arrived at the plant, Rock Tenn Plant Superintendent Robert McMonigle came out and talked privately with Prince before he took him to the Rock Tenn doctor. He said that the plant had a lot of injuries and that Rock Tenn could not afford any more recordable injuries. He told Prince not to request an MRI, x-ray or any prescription. Feeling pressured, Prince went along with it and basically lied to the doctor to protect Rock Tenn. At the appointment with Dr. Robert Voight, Plant Superintendent McMonigle sat in on the entire procedure without Prince's consent, apparently to guarantee that Prince would lie to the doctor. As a result, Prince was released for regular work on September 28, 2011.

Prince subsequently reported Plant Superintendent McMonigle's implied threats and actions on the Compliance Hotline, but he was never contacted by anyone regarding this.

Prince knew this was wrong. So he called Human Resources Manager LeBlanc to report this and that he wanted his back looked at. Prince was told Rock Tenn would call him back. Plant Manager Mark Wilson called him back, basically saying that Prince already had his back looked at and if he missed any time it would go under the attendance policy. They kept arguing back and forth until Prince said that he would call his lawyer and see what to do then. Wilson said that he would call Prince back. Prince was called back, and another appointment was made with Dr. Voight for September 29, 2011. Human Resources Manager LeBlanc accompanied Prince to this visit. This time Prince told the truth about the industrial accident and the injury to his back. This time Dr. Voight wrote a note for light duty with no bending or twisting, rotating, sitting and standing periodically.

When he returned to work, Prince gave his boss St. Germaine a copy of the doctor's note.

Despite this St. Germaine had him doing full duty, rotating breaks, pulling sheets of board, picking up and loading the load former against Dr. Voight's orders. St. Germaine would bother Prince when he would rest his back.

On October 3, 2011, Prince called out sick

On October 4, 2011, Prince saw Dr. Voight again. Human Resources Manager LeBlanc met Prince there at this appointment. Dr. Voight referred Prince to a physical therapist. Dr. Voight continued Prince on light duty. Despite this, Rock Tenn had Prince doing full duty.

On October 6, 2011, St. Germaine gave Prince and another worker who was on light duty two trash bags to pick up trash outside the building. This involved bending and twisting. This task was in violation of the doctor's orders.

On October 10, 2011, Prince called out sick.

Rock Tenn allows pallets to remain on the floor in an unsafe condition. Prince was concerned that he might trip over the pallets and make his injury worse.

On October 11, 2011, Prince saw Dr. Voight again. Human Resources Manager LeBlanc met Prince there at this doctor's appointment. Dr. Voight continued Prince on light duty.

Prince was missing time from work because of this. So on October 11, 2011, he asked Human Resources Manager LeBlanc who was responsible for compensation for these days that he had been missing. Prince requested of LeBlanc that he be provided with worker's compensation. He was told that it wasn't Rock Tenn's problem, it was his. Prince also told the Human Resources Manager his concerns about the unsafe working conditions. LeBlanc did not resolve Prince's concerns. So Prince felt that he was compelled to resign from Rock Tenn, which he did that day.

In his resignation letter Prince stated, among other things: "This plant in my eyes is unsafe.

I was injured on company property and have superiors with unethical acts to better the company. It's sad that it had to come down to this. But I honestly hope the court of law handles what is right and not what is best for any party."

II.    **Argument**

    A.    **Rock Tenn Violated M.G.L.c. 214, § 1B.**

Under M.G.L.c. 214, § 1B, "A person shall have a right against unreasonable, substantial or serious interference with his privacy." Without a doubt, a person's medical condition and treatment are private facts protected by M.G.L. c. 214, § 1B; they are "highly personal or intimate in nature." Lemire v. Silva, 104 F. Supp. 2d 80 (D. Ma. 2000). Thus a physician's disclosure of confidential medical information to two people without the consent of the patient was sufficient to warrant finding of invasion of privacy. Tower v. Hirschhorn, 397 Mass 581 (1986).

On September 28, 2011, after instructing Prince to lie about his medical condition, Rock Tenn Plant Superintendent McMonigle sat in on Prince's examination by Dr. Voight without Prince's consent. McMonigle's obvious purpose for this invasion of privacy was to insure that indeed Prince lied about his medical condition to Dr. Voight. If McMonigle was truly only interested in whether Prince was fit to return to work, he could have waited for Dr. Voight's doctor's note (as was done in all other appointments with Dr. Voight after Prince told Rock Tenn that he was going to tell Dr. Voight the truth about his work place injury to his back.)

There could not be a clearer case of invasion of privacy. A third party sat in on a patient's doctor's examination with the patient's consent. Furthermore, the purpose of this invasion of privacy was to insure that the patient lied to the doctor about his physical condition and injury.

Summary judgment on this Count must be denied.

### B.     Rock Tenn Violated M.G.L.c. 152, § 75B

Under M.G.L.c. 152, § 75B(2) no employer may in any way discriminate against an employee because the employee has exercised a right afforded under the Worker's Compensation statutes.

In this case Rock Tenn repeatedly discriminated against Prince because he reported a work related injury.

There is no question but that Prince exercised numerous time a right afforded under the Worker's Compensation statutes.

First, early on September 27, 2011, Prince called Steven LeBlanc, Rock Tenn's Human Resources Manager, and described his workers compensation injury.

Second, later that dame day he reported it again. At approximately 10:00 p.m. that day Prince woke from a two hour nap and could not get out of bed. His lower back was in tremendous pain. So Prince called out, saying: "I am unable to come into work tonight due to an injury I received on the 450 the previous night. Any questions, please call me." When Prince was called by Rock Tenn, he again described the situation, and an appointment was scheduled with the Rock Tenn physician at Nashoba Valley Medical Center located in Ayer, Massachusetts.

Third, on September 28, 2011, Prince was examined by the Rock Tenn physician Dr. Voight for his worker's compensation injury.

Fourth, as Rock Tenn has volunteered, on September 29, 2011, LeBlanc implicitly acknowledged Prince's claim of a worker's compensation injury and prepared the "Employer's First

6

Report of Injury or Fatality."

Fifth, after Prince complained to Rock Tenn about being compelled to lie about this worker's compensation injury, another appointment was eventually made with Dr. Voight for September 29, 2011.

Sixth, Prince on October 11, 2011, asked Human Resources Manager LeBlanc that he be provided with worker's compensation for the days he had been missing, which LeBlanc refused.

Rock Tenn therefore cannot seriously argue that Prince did not exercise a right afforded under the Worker's Compensation statutes.

Furthermore, Rock Tenn repeatedly discriminated against Prince for exercising his worker's compensation rights.

First, Rock Tenn Plant Superintendent McMonigle pressured Prince to lie about the extent of his worker's compensation injury.

Second, McMonigle invaded Prince's privacy and sat in on his first appointment with Dr. Voight in order to insure that Prince would lie about the extent of his worker's compensation injury.

Third, once Dr. Voight put Prince on light duty, Rock Tenn repeatedly still had Prince on full duty.

Fourth, Dr. Voight specifically limited Prince to no bending or twisting, rotating, sitting and standing periodically. Yet on October 6, 2011, St. Germaine gave Prince and another worker who was on light duty two trash bags to pick up trash outside the building. This involved bending and twisting. This task also was in violation of the doctor's orders.

Fifth, when Rock Tenn Human Resource Manager LeBlanc denied Prince worker's compensation benefits for his missed time and failed to correct Rock Tenn's actions, Prince felt

compelled to resign and was thereby constructively discharged.

While Rock Tenn might dispute the above facts, it cannot seriously argue that Prince has not presented evidence of discrimination because of his reporting a worker's compensation claim. Therefore Rock Tenn's motion for summary judgment on this Count must also be denied.

### III.     Conclusion

Rock Tenn's motion for summary judgment must be denied in its entirety.

                                   Brandon Prince
                                   By his attorney

*/s/ Scott A. Lathrop*

_____
Scott A. Lathrop, Esq.
176 Fitchburg Road
Townsend, MA 01469
(978) 597-9020
BBO No. 287820
slathrop@lathroplawoffices.com

Dated: October 24, 2013

### CERTIFICATE OF SERVICE

I, Scott A. Lathrop, hereby certify that on this date I have electronically filed the foregoing Oppositon with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all other Attorneys of Record.

*/s/ Scott A. Lathrop*

_____
Scott A. Lathrop

Dated: October 24, 2013