UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11329-RWZ

BRANDON PRINCE

v.

ROCK-TENN SERVICES, INC.

ORDER

November 22, 2013

ZOBEL, D.J.

Plaintiff Brandon Prince was injured on September 27, 2011, while employed by defendant Rock-Tenn Services, Inc.  He now asserts two claims: (1) that defendant violated his privacy rights under the Massachusetts Privacy Act, Mass. G. L. ch. 214, § 1B, by the presence of defendant's plant supervisor at plaintiff's medical examination; and (2) that defendant retaliated against him for exercising his right under the workers' compensation statute, Mass. G. L. ch. 152.  Defendant has moved for summary judgment on both counts.  The motion is allowed.

As to Count I, it is undisputed that defendant, as plaintiff's employer, had a legitimate interest in ascertaining plaintiff's physical condition.  Therefore, the mere presence of the plant supervisor at the examination by the company doctor does not violate the statute.  And plaintiff neither alleges nor offers evidence of defendant's accessing or disseminating any personal or intimate information derived from the

medical examination.  Therefore, plaintiff's claim under ch. 214 fails.

Plaintiff's claim under the workers' compensation statute fails because it is undisputed that he never submitted a claim for compensation benefits or took any steps to start the process to qualify for such.  Plaintiff does allege that he was assigned work inappropriate to his condition, that he complained about these assignments, and that "on October 11, 2011 he asked Human Resources who was responsible for compensation for ..." days he had missed from work.  He also complained about unsafe working conditions. "The Human Resources Manager did not resolve Prince's concerns. So Prince felt that he was compelled to resign from Rock Tenn (sic), which he did that day."  Complaint ¶16.  Nothing in the complaint articulates a claim for compensation nor any retaliatory conduct by defendant.

The defendant's motion for summary judgment is allowed. Judgment may be entered for defendant.


|  November 22, 2013  |  /s/Rya W. Zobel  |
|  DATE  |  RYA W. ZOBEL  |
|    |  UNITED STATES DISTRICT JUDGE  |